# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DONNA BILLINGTON, Mother, Natural Guardian
and Next Friend of BRITTANY BILLINGTON, a Minor,
as Assignee of PENSKE TRUCK LEASING CO., L.P.,
a Delaware Limited Partnership,

        Plaintiff,

        vs.                                                                No. CIV 98-1570 JC/KBM (ACE)

CONTINENTAL CASUALTY COMPANY,
VIAD CORP., MOTOR COACH INDUSTRIES
INTERNATIONAL, INC., TRANSPORTATION
MANUFACTURING OPERATIONS, INC., TRANSIT
BUS INTERNATIONAL, INC., and TRANSPORT
TECHNOLOGY CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER comes before the Court upon Defendants Viad Corp.(Viad), Motor Coach Industries International, Inc.(MCII), Transportation Manufacturing Operations, Inc. (TMO), and Transit Bus International, Inc.'s (TBII) (collectively, the Transportation Defendants) Motion for Summary Judgment, filed October 15, 1999 *(Doc. 65)*. The Transportation Defendants move this Court for summary judgment on the breach of contract claims alleged against them in Plaintiff's First Amended Claim for Damages as a Result of Breach of Contract and Misrepresentation (Amended Complaint), filed March 10, 1999 *(Doc. 16)*. The Transportation Defendants also request that the Court award them attorney fees and costs incurred in defending this lawsuit.

        As a preliminary matter, Plaintiff raises the issue of whether this motion should be treated as a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim rather than as a motion for

summary judgment. Plaintiff notes that the only supporting affidavit for the motion for summary judgment was made by one of Defendants' attorneys, Claudia Salomon. Ms. Salomon's affidavit contains statements regarding the corporate structure and history of the Transportation Defendants.

Plaintiff contends that Ms. Salomon's affidavit is unacceptable under FED. R. CIV. P. 56(e). Rule 56(e) states that "supporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Even assuming that Ms. Salomon's statements on the corporate structure and history of the Transportation Defendants are deficient under Rule 56(e), as Ms. Salomon points out, those statements are nonetheless undisputed. Moreover, Plaintiff has also attached documents outside the pleadings to her Response to Defendants' Motion for Summary Judgment, filed November 8, 1999 *(Doc. 74)*. Under FED. R. CIV. P. 12(b) if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. . . ." Given these circumstances, I will treat this motion as one for summary judgment.

## I. <u>Standard for Summary Judgment</u>

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Under FED. R. CIV. P. 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Thrasher v. B & B Chemical Co., Inc.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the initial burden of showing "there is an absence of

evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id*. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## II.     Discussion[1]

Plaintiff's Amended Complaint makes allegations against the Transportation Defendants based upon the breach of a truck lease agreement entered into by Defendant Transport Technology Corporation (TTC) and Penske Truck Leasing Company (Penske). The Transportation Defendants argue that Plaintiff cannot bring any contract claims against them because they were not parties to the truck lease agreement. It is undisputed that TTC is a subsidiary of TBII and that TBII is owned by TMO, a subsidiary of MCII. Exhibit A, Aff. of Claudia T. Salomon (attached to Transportation Defendants' Statement of Facts in Support of Their Mot. for Summ. J., filed Oct. 15, 1999 *(Doc. 67)*). These entities were once part of the Greyhound bus manufacturing operations, now known as Viad. *Id*. It is also undisputed that in 1993, TTC, TBII, TMO, and MCII were sold in a public stock offering and so ceased to be subsidiaries of the entity now known as Viad. *Id.* Apparently, MCII and TMO did not exist at the time the events giving rise to this lawsuit occurred. *Id*.

---

[1] The background facts of this case have been previously summarized in the Court's Memorandum Opinion and Order ruling on the remaining motions for summary judgment. That Memorandum Opinion and Order was filed on December 15, 1999.

Ordinarily, a subsidiary and its parent corporation are considered independent corporations for liability purposes. *Scott v. AZL Resources, Inc.*, 107 N.M. 118, 121, 753 P.2d 897, 900 (1988) (citation omitted). The court will, however, disregard the independent natures of a subsidiary and parent corporation and hold a parent corporation liable for its subsidiary's actions only under "special circumstances." *Id*. To pierce this so-called corporate veil, one must demonstrate 1) that the subsidiary is an alter ego of the parent corporation, 2) improper purpose, and 3) proximate causation. *Id*. (citation omitted). The alter ego element is met "where a subsidiary is a mere business conduit for the parent or where there is such unity of interest and ownership that the individuality or separateness of the two corporations has ceased," and "the separate corporate existence of the two corporations would sanction fraud or other improper purposes." *Id*. Mere "ownership by one corporation of all or a majority of the stock of the other, or that the corporations have common officers and directors, or both, is not sufficient by itself to render a parent liable on its subsidiary's contract." *Id*. at 121-22, 753 P.2d at 900-01. Additionally, mere control by the parent corporation is insufficient to pierce the corporate veil. *Id*. at 122, 753 P.2d at 901. In other words, to pierce the corporate veil, one must show that the subsidiary was setup as a sham and to cause an injustice. *Id*.

In this case, Plaintiff attempted to demonstrate that TTC is an alter ego of TBII and MCII by submitting an unfiled stipulation to dismiss Viad and Continental Casualty Company (CNA) in which TBII and MCII agreed to pay any damages resulting from this lawsuit. Exhibit A (attached to Mem. in Support of Pl.'s Resp. to Defs.' Mot. for Summ. J. Served by Mail on Oct. 14, 1999 *(Doc. 73)*). This document is insufficient to support a piercing of the corporate veil. Plaintiff has simply presented no convincing evidence to indicate that TTC is an alter ego of any of the corporations above it in the hierarchal chain of corporations leading to Viad. Consequently, this Court cannot pierce the

corporate veil to allow the breach of contract allegations against the Transportation Defendants. Summary judgment is, therefore, appropriate on the breach of contract claims asserted against the Transportation Defendants.

The Transportation Defendants also ask that the Court award them attorney fees and costs for defending this lawsuit. These Defendants are represented by the same attorneys who are representing the remaining Defendants, TTC and CNA. As a result, except for this particular motion for summary judgment, the attorneys have been working to benefit all of the defendants including TTC and CNA. Thus, the past work of the attorneys was not wasted simply because the Transportation Defendants are improper parties. Furthermore, this motion for summary judgment was not particularly complex and probably not very time consuming. Considering the above factors, I find that attorney fees and costs are not warranted.

Wherefore,

IT IS ORDERED that the Transportation Defendants' Motion for Summary Judgment *(Doc. 65)* is **granted in part** in that this entire cause of action is dismissed with prejudice as to the Transportation Defendants.

IT IS ALSO ORDERED that the Transportation Defendants' request for attorney fees and costs is **denied**.

DATED this 15th day of December, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	William G. Gilstrap II
	Albuquerque, New Mexico

	Charles C. Currier
	Hunt & Currier
	Roswell, New Mexico

Counsel for Defendants:	Eric R. Burris
	Keleher & McLeod
	Albuquerque, New Mexico

	Donald A. Wall
	Claudia T. Salomon
	Squire, Sanders & Dempsey
	Phoenix, Arizona