IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA BILLINGTON, Mother, Natural Guardian
and Next Friend of BRITTANY BILLINGTON, a Minor,
as Assignee of PENSKE TRUCK LEASING CO., L.P.,
a Delaware Limited Partnership,

        Plaintiff,

        vs.                                      No. CIV 98-1570 JC/KBM (ACE)

CONTINENTAL CASUALTY COMPANY,
VIAD CORP., MOTOR COACH INDUSTRIES
INTERNATIONAL, INC., TRANSPORTATION
MANUFACTURING OPERATIONS, INC., TRANSIT
BUS INTERNATIONAL, INC., and TRANSPORT
TECHNOLOGY CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Motion of Defendants Transport Technology Corporation (TTC) and Continental Casualty Company (CNA) for Clarification and Reconsideration, filed December 27, 1999 *(Doc. 89)*. Defendants request that the Court clarify and reconsider its December 16, 1999 Memorandum Opinion and Order *(Doc. 87)* granting summary judgment to Plaintiff on her contract claim against TTC and her claim that CNA breached its duty to defend and indemnify. Defendants bring this motion pursuant to FED. R. CIV. P. 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2810.1 at 124 (1995). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e)

motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence. *Phelps*, 122 F.3d at 1324 (internal quotations omitted). In practice, Rule 59(e) motions are typically denied because of this narrow purpose. *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2810.1 at 128.

"The Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id*. at 127-28. *See also Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment"). In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error. *See, e.g., F.D.I.C. v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993). "In order to supplement a Rule 59(e) motion with additional evidence . . . the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (citation omitted).

In this case, Defendants attempt to relitigate old issues because they do not agree with the Court's decision. Defendants also raise arguments and present evidence that could have been raised prior to the entry of the December 16, 1999 Memorandum Opinion and Order. As such, I cannot find that Rule 59(e) relief is warranted. Defendants have failed to demonstrate any manifest errors or that they now have newly discovered evidence. Defendants' Rule 59(e) motion is, therefore, not well taken and will be denied.

Wherefore,

IT IS ORDERED that the Motion of Defendants TTC and CNA for Clarification and Reconsideration, filed December 27, 1999 *(Doc. 89)*, is **denied**.

IT IS FURTHER ORDERED that this matter shall come on for non-jury trial on **Tuesday, March 7, 2000, at 9:00 a.m.**, at the United States Courthouse, Rio Grande Courtroom (3rd Floor), 333 Lomas NW, Albuquerque, New Mexico.

DATED this 14th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | William G. Gilstrap II<br>Albuquerque, New Mexico |
| | Charles C. Currier<br>Hunt & Currier<br>Roswell, New Mexico |
| Counsel for Defendants: | Eric R. Burris<br>Keleher & McLeod<br>Albuquerque, New Mexico |
| | Donald A. Wall<br>Claudia T. Salomon<br>Squire, Sanders & Dempsey<br>Phoenix, Arizona |